BARBARA HOFFMAN (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 10023
(212) 873-6200 (phone)

*Attorney for Plaintiff Kalliope Amorphous*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KALLIOPE AMORPHOUS**<br><br>                    Plaintiff,<br><br>    **v.**<br><br>**FLIPBOARD, INC.**<br><br>                    Defendant | **15-Civ-5802**<br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff, Kalliope Amorphous (hereinafter "Plaintiff" or "Ms. Amorphous"), by and through her attorney, Barbara T. Hoffman for her complaint against Defendant Flipboard, Inc. ("Defendant" or "Flipboard"), hereby states and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for the willful copyright infringement by the Defendant, a social-network aggregation, magazine-format mobile app and content service, of hundreds of the artworks ("Photographs at Issue") and text ("Amorphous Content") of the visual artist, Ms. Amorphous which she posted on various social media sites, including Bored Panda, Flickr and Tumblr.

2.      The Defendant's popular online service, which currently has 70 million active monthly  users and is installed on 300 million mobile devices, collects content from social

1

media and other websites, presents it in magazine format, and allows users to "flip" through their social-networking feeds and feeds from websites that have partnered with the company as well as others like Bored Panda, Flickr and Tumblr which have not.

3.      Flipboard has moved from a social media based news aggregator crawling the internet for content to display, to a publishing platform where Flipboard users ("Flipboard Users") can also create "magazines" based on copyrighted content around different themes. The Flipboard User can store, download, republish and distribute full size images and complete text, stripped of copyright management information including credit to the creator of the content.

4.      Upon information and belief, Defendant is highly experienced in the nuances of protecting intellectual property rights and the need to obtain the approval and authorization of third-parties when exploiting third-parties' property for commercial advantage. Notwithstanding, it has built its business model in substance and effect, taking copyrighted text and photos, changing the layout to an attractive magazine template and publishing or republishing it and providing others with a tool to republish, and create Flipboard magazines. "It does this by violating publisher's, and artists', copyrights and hoping they'll forgive it, Flipboard CEP Mike McCue tacitly admitted…" http://venturebeat.com/2010/12/07/flipboard-copyright/. (Accessed 7/22/2015) Upon Information and belief, Flipboard uses HTML code to enable the display of images via techniques known as "embedding," "framing" or "inline linking" which enable Flipboard to reference and display *inter alia* Ms. Amorphous's images without actually copying them. To a viewer coming to Flipboard's website, or using the app, the Photographs at Issue are an integrated part of all other content on Flipboard's app or website. There is no referencing of the contextual material from Ms. Amorphous's website or

Tumblr blog. The advertising revenues and other benefits or monetization all accrue to Flipboard or Flipboard Users with none flowing back to Ms. Amorphous who is deprived of her ability to earn any income from her Photos at Issue and Amorphous Content.

5.      Ms. Amorphous is a prominent visual artist best known for her extensive work in self-portrait photography. Using the camera as her primary artistic medium of expression. she assumes the roles of model, stylist, and photographer and uses her own image as a prop to create the protagonists of her iconic photographs.  Ms. Amorphous creates her own alternative processes and methodologies using handmade and alternative lighting as well as experimenting with textiles, surfaces, mirrors, and in-camera distortion techniques. Much of Ms. Amorphous's work uses reflections, blur, mirrors, and multiple exposure to lead the viewer through the artist's favorite themes — identity, mortality, time, and consciousness.

6.      Ms. Amorphous states "My images reflect my love of mythology, paradox, and the juxtaposition of light and dark, beauty and beast. I am continually drawn to concepts involving the subconscious, alienation, time, memory, deconstruction, duality, and transcendence. Rather than approaching self-portraiture from a purely autobiographical perspective, I enjoy exploring the boundaries between "self" and "other" through the creative interpretation of identity, archetype, myth, and memory.  By embracing the roles of stylist, photographer, and model, I can more deeply explore my conceptual ideas as the subject that is integrated into, rather than separate from the photograph."
http://www.kalliopeamorphous.com/ Ms. Amorphous's Photographs at Issue are unique or signed limited editions through her galleries or internet sites.

7.      Flipboard's software supplants the need for Flipboard Users to license or purchase the Photographs at Issue and the Amorphous Content. Flipboard has purposely

constructed an app that eliminates the need for Flipboard Users to click through and access Ms. Amorphous's website or purchase her Photographs at Issue and permits Flipboard Users to remove this information.

8.     The purpose of copyright law is to "promote the progress of science and the useful arts" by providing content creators with incentives to create works and remuneration for their efforts, including being paid for the exploitation of their creative endeavors. Upon information and belief, Flipboard's policy is to use Ms. Amorphous's copyrighted Photos at Issue with impunity, unless she "opts out." This is wrong. The actions of Flipboard and Flipboard Users have made it next to impossible for Ms. Amorphous to earn a living from the Photographs at Issue. Flipboard has accessed her entire body of art work from the past three years and made it available to Flipboard Users, with no restrictions and without any pay to or license from, Ms. Amorphous or any other website displaying the Photographs at Issue.

9.     Ms. Amorphous relied on the protection of the copyright law and the TOS of Bored Panda, Flickr and Tumblr when she posted her Photographs at Issue with CMI for the purpose of license and sale. The Photographs at Issue and the Amorphous Content constitute original works of authorship subject to copyright protection. Ms. Amorphous owns the copyright in all the Photographs at Issue and the Amorphous Content. As a copyright owner, Ms. Amorphous has the exclusive right, *inter alia*, to reproduce, distribute, display and/or prepare derivative works based upon the Photographs at Issue or the Amorphous Content. Flipboard has willfully copied, stored, displayed and distributed or caused Flipboard users to download, store, copy, display and create derivative works is a violation of those rights. Similarly Ms. Amorphous's  copyright management information, as defined in 17 U.S.C § 1202 (c), placed on the Photographs at Issue and Amorphous Content, including identification

of Ms. Amorphous as the author and/or copyright owner of the Photographs at Issue. This CMI also ordinarily appears when users of Ms. Amorphous's site license or republish her images. Flipboard functionality enables Flipboard Users to remove CMI.

10.    In sum, this is an action for: (i) copyright infringement in violation of 17 U.S.C. §§ 101 and 501 et seq.; (ii) contributory copyright infringement in violation of 17 U.S.C. §§ 101 and 501 et seq. and false or (iii) improper removal or alteration of copyright management information in violation of 17 U.S.C. §§ 1202 et seq.

## PARTIES

11.    Kalliope Amorphous is a prominent internationally acclaimed visual artist, formerly of New York City, currently a citizen of Rhode Island. Ms. Amorphous has galleries in Europe (London, Portugal) and her photographs are included in private collections worldwide including Spain, Romania, Germany, Holland, India, Russia, and the United States. She currently divides her time between Providence, Rhode Island and New York City.

12.    Defendant Flipboard, Inc. ("Flipboard") is a for profit corporation existing under the laws of the State of Delaware with its principle place of business at 214 Homer Avenue, Palo Alto, California, 94301. Flipboard is registered as a foreign corporation in the State of New York and has an office and employees in New York City.

## JURISDICTION AND VENUE

13.    This case arises under Copyright Act, 17 U.S.C. §101 et. seq. (the "Copyright Act").  This Court has federal jurisdiction over Ms. Amorphous's claims pursuant to 28 U.S.C. §1331, 1338(a), and 1338(b), as well as diversity jurisdiction under 28 U.S.C.

§1332 as there exists diversity of citizenship among the parties hereto and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

14.     This Court has personal jurisdiction over Defendant.  Flipboard does continuous and systematic business in New York and this District. It maintains an office and employs personnel in New York and this District, and is thus physically present in the state. See N.Y. C.P.L.R. § 301. Defendant has also transacted business in this state on matters giving rise to this suit. See id. § 302(a)(1).  Defendant has also committed infringing acts outside of New York causing injury to Plaintiff in New York, and Defendant regularly does or solicits business in New York, and/or derives substantial revenue from goods used or services rendered and/or expect or reasonably should expect its infringing conduct to have consequences in New York. See id. § 302(a)(3). In addition, Plaintiff has been injured in New York by defendant's conduct

15.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (d) and 28 U.S.C. § 1400.

## FACTUAL BACKGROUND

16.     Ms. Amorphous on May 20, 2015, contributed and posted to Bored Panda the text and photographs attached hereto as Exhibit A ("The Glass Houses Images").

17.     Bored Panda describes itself as: *"a leading art, design and photography community for creative people."*

18.      Similar to Flickr, artists can submit articles about their work and process for publication in the sites various categories.

19.     Ms. Amorphous's intention was to use it as a type of blog to introduce and explain her artistic practice and process and in so doing to generate interest and sales of the Photographs at Issue.

20.     The Glass Houses Images series of the Photographs at Issue ("Glass House Images") were watermarked, included Ms. Amorphous' copyright notice and were protected by it and the copyright notice of Bored Panda and its TOS.

21.     The Glass Houses Images were registered prior to infringement with the United States Registrar of Copyright. Copies of the relevant registration certificates are attached hereto as Exhibit B.

**Copyright Infringement by Flipboard of the Photographs at Issue on Bored Panda.**

22.     In the Flipboard Blog, September 12, 2014, it was announced that "Steve Fine and Gary Hershorn, are teaming up to provide the ultimate take on all things photography: The Shot (the "Magazine"), a Flipboard magazine updated weekly. The magazine opens with Spotlight, which profiles professional photographers and their work. Additionally, each issue will feature the best photography from the Web and Instagram, along with behind-the-scenes reports from the photo wire services. Fine and Hershorn, storied photo editors from Sports Illustrated and Reuters, respectively, will also highlight the best galleries and images from publishers such as National Geographic and the Guardian and from among our users' photo magazines. Finally, they'll share articles about the best gear, tips and tricks they find."

23.     On May 20, 2015, Flipboard infringed Ms. Amorphous's copyrights in the Glass Houses Images, by accessing the Glass House Images on the Bored Panda site or

through her RSS feed, displaying, transmitting, reproducing and creating derivative works in the Magazine, republishing the Glass Houses Images without Ms. Amorphous's permission. The Infringing Uses of the Glass Houses Images are attached hereto as Exhibit C.

24. On May 28, 2015, unaware of the Infringing Uses by Flipboard of the Glass House Images, Ms. Amorphous posted to Bored Panda, her series Mixed Signals Images of the Photographs at Issue ("Mixed Signals") attached hereto as Exhibit D.

25. Copyrighted Registration Certificates for the Mixed Signals are attached hereto as Exhibit E.

26. As in the case of The Glass Houses Images, Flipbook infringed the Mixed Signals by accessing the Mixed Signals on the Bored Panda site or through her RSS feed, displaying, reproducing and creating derivative works, ("Infringing Uses") of Mixed Signals in its Magazine. Flipboard published Mixed Signals in the Magazine on May 28, 2015. The Infringing Uses of the Mixed Signal Images are attached hereto as Exhibit F.

27. In addition to the Infringing Uses above referenced, the Magazine authorized Flipboard Users to infringe by e-mailing, downloading, reproducing, storing or otherwise creating derivative works of the Infringing Uses (see Exhibit G). Flipboard's software allowed its users to store, download, republish, create derivative works, share and otherwise use Ms. Amorphous's copyrighted content available in the Magazine to create their own personal magazines for further distribution, republication and public display. None of these uses necessarily link, or link at all, to Ms. Amorphous's website.

28. The Infringing Uses by Flipboard in addition to violating Ms. Amorphous's copyrights and other intellectual property rights, also violated the posted TOS on Bored Panda's website. A copy of the TOS is attached hereto as Exhibit H.

29.     Upon information and belief the Magazine's photo editors reside in New York and the Magazine is published the in the New York office of Flipboard.

30.     Upon learning of the infringements, Ms. Amorphous contacted Bored Panda who informed her in writing that Flipboard had not been authorized to use her series Glass House or Mixed Signals in the Flipboard Magazine. See Exhibit I.

31.     On June 3, 2015, Ms. Hoffman, Ms. Amorphous's long lime lawyer and professional advisor, in New York, wrote a cease and desist letter to Flipboard's legal counsel in Palo Alto California.

32.     On June 10, 2015, Brian M. Willen, *Wilson, Sonsini, Goodrich & Rosati* New York, NY wrote to Ms. Hoffman denying Flipboard had infringed Ms. Amorphous's copyright, *inter alia*, claiming that before publishing "The Shot," Flipboard received express written permission from Bored Panda to use material posted on its services… "Any effort to pursue what would be frivolous litigation against Flipboard will be met with a vigorous response including a request for attorney's fees."

33.     Bored Panda, in an email to Ms. Amorphous, denied licensing its content to "The Shot" and Brian Willen, despite Ms. Hoffman's request to provide her with proof of an express license, did not provide any specific express written license from Bored Panda to publish Ms. Amorphous's 20 copyrighted Photographs at Issue, 10 from Mixed Signals series, 10 from Glass Houses series, in "The Shot".

**Flipboard Infringements of Photographs at Issue Posted to Flickr**



Photograph at Issue
On Flickr

34.   Ms. Amorphous realized on or around June 6, 2015 that Flipboard was accessing her entire Flickr account

35.   On June 15, 2015 Ms. Amorphous documented that Flipboard had scraped the entire contents of her Flickr photo stream containing 57 Photographs at Issue. These Photographs at Issue were clearly marked 'All Rights Reserved' and expressly prohibited sharing and downloading.

36.   The Photographs at Issue as displayed on Flipboard are full size. The user is presented with multiple options for infringing uses of the Photographs at Issue.

37.   Attached hereto as Exhibit J are registration certificates obtained by Ms. Amorphous for the photographs at Issue on Flickr prior to the infringement.



Photograph at Issue
On Flipboard

38.   Attached hereto as Exhibit K are examples of the Flickr infringements discovered on or about June 16, 2016 by Ms. Amorphous.

39.   Flickr launched an investigation of the matter as potential abuse of their API on request by Ms. Amorphous shortly after she discovered that the Photographs at Issue had been scraped and framed from her Flickr profile on or around June 6, 2015

10

40.     Attached hereto as Exhibit L are Ms. Amorphous's Photographs at Issue found on her Flickr profile and then showing the process which allows Flipboard Users to infringe copyright by email, storage, downloading and creating derivative works.



Photograph at Issue
Flipboard Mobile App View

41.     The actions of Flipboard Users in creating magazines via download, storage or e-mail violates Ms. Amorphous's exclusive rights as a copyright owner.

42.     Flipboard software's functionality allows users the opportunity to not only infringe by reproducing, storing publically, displaying, and distributing the copyrighted content of Ms. Amorphous but also provides Flipboard Users the functionality for removal of CMI once the various functions become operative, see the image Exhibit M.

43.     On June 18, 2015 in an e-mail to Ms. Amorphous Flicker denied any license of the Photographs at Issue to Flipboard or any express agreement with Flipboard to permit it to use their APIs. See Exhibit N

44.     The Flickr TOS explicitly prohibit any uses of the Photographs at Issue marked "All Rights Reserved".

45.     At the right is an illustration of a Flipboard User generated magazine stripped of the CMI. (see also Exhibits O which further shows the original image on Flickr and the process utilized by Flipboard Users.)

46.     The 57 unauthorized uses of the Photographs at Issue are infringing and encourage further infringement by displaying a popup box with the following features:



1. The option to download the image

2. The option to repost the image to various social networks

3. The option to republish the image in a Flipboard magazine

4. The option to email a link to the image on Flickr, the received email containing advertising for the Flipboard app

> Photograph at Issue as Flipboard Magazine in E-Mail

47.     Flipboard offers Flipboard Users the ability to both download and "Flip" or republish Ms. Amorphous's Photographs at Issue into its and their magazine compilations. . This of course allows for Ms Amorphous's work to be republished in an unlimited amount of magazines without her authorization. Provided below is one such example. Levitation https://www.flickr.com/photos/41101506@N08/15276471788/ "Shared from Kalliope-Amorphous on Flipboard, your personal magazine. Get it for free to keep up with the news you care about."

48.   Flipboard has created the option to email links to Ms Amorphous' s
Photographs at Issue. The email links
contain Flipboard advertising, which
monetizes and misappropriates the value of
Ms. Amorphous's Photographs at Issue and
are used to promote and suggest
endorsement of Flipboard by Ms.



Photograph at Issue Stripped
Magazine Cover Embed Code
with Flipboard Logo

Amorphous or that Flipboard has the right to license Ms.
Amorphous's Photographs at Issue without the Flipboard user
paying a fee.

49.    Flipboard's software overrides Ms Amorphous's CMI, which in
addition to having language such as "all rights reserved", and the (c), is also very specific in
prohibiting framing of her site. Her settings on Flickr and other similar sites such as Tumblr,
are strict and do not permit downloading or sharing.

50.   The Flipboard App and technology provides the option to share the
"magazine" many different ways including "flipping" it into other magazines. The Flipboard
Users can also add text to the Photos at Issue when "flipping" using the Flipboard's "flipping"
function, thus, the Flipboard user can copy the full Photograph at Issue add text and create a
derivative work or republish and distribute it without CMI as an exact copy.

51.   Both the e-mail link option and the magazine options permit stripping
of  Ms. Amorphous's CMI.

**Flipboard Copyright Infringement of Photographs at Issue Posted to Tumblr**

52.     Ms. Amorphous posts her popular "official" blog on Tumblr with

Photographs at Issue and Amorphous Content.

53. Upon information and belief, from at least May 1, 2015 Flipboard scraped,



and/or framed, reproduced, created derivative

works and stored Ms. Amorphous's entire

Tumblr blog or caused and induced Flipboard

Users to do so on Flipboard or Flipboard User's

devices. More than three hundred Photographs

at Issue were used without Ms. Amorphous's

authorization. Attached hereto as Exhibit P are

examples of how the Photographs at Issue

appeared on Tumblr;

Tumblr Photograph at Issue
In Flipboard Reader View

54.     The copyright registration certificates and accompanying Photographs

at Issue, which were posted to the Tumblr blog from on or about February 2014 through this

Photograph at Issue
on Tumblr

June 2015, prior to Ms. Amorphous's discovery of the

infringement from Tumblr, are attached hereto as

Exhibit Q:



**Registered Texts from Blog:**

1.  The First Word (published on blog May
    28th, 2014) TXU-1-911-036
2.  Relationship (published on blog May 30th, 2014) TXU-1-911-036
3.  Archery (published on blog June 1, 2014) TXU-1-911-036
4.  Danger (published on blog June 2, 2014) TXU-1-911-036

5.   Oath Of Moth (published on blog June 4, 2014) TXU-1-911-036
6.   Curse Tablet (published on blog June 8, 2014) TXU-1-911-036
7.   In Passing (published on blog June 20, 2014) TXU-1-911-036
8.   My Language (published on blog June 22, 2014) TXU-1-911-036
9.   Resilience (published on blog July 3, 2014) TXU-1-911-036
10.  Phoenix (published on blog March 15, 2014) TXU-1-911-036
11.  The Origins Of Love (published on blog March 22, 2015) TXU 1-853-174

**137 Registered Amorphous Content:**

   a.   **Registration # VA 1-772-752 April 28, 2011**

       i.   Blindness
      ii.   Cocoon
    iii.   She Would Wait Forever
    iv.   La Llorona

   b.   **Registration # VAU 1-206-889 March 30, 2015:**
       i.   50 Photographs at Issue and Amorphous Content (poetry excerpts) on certificate published to blog

   c.   **Registration #VAU-1-204-719 March 20, 2015**
       i.   Black Madonna Portrait 1 (sepia)
      ii.   Black Madonna Portrait 1 (color)
    iii.   Black Madonna Portrait 4 (sepia)
    iv.   Black Madonna Portrait 2
     v.   Black Madonna Portrait 8
    vi.   Veve 4 (color)
   vii.   Black Madonna Portrait 7 (sepia)
  viii.   Black Madonna Portrait 5 (color)
    ix.   Black Madonna Portrait 5 (sepia)
     x.   Black Madonna Portrait 6(color)
    xi.   Black Madonna Portrait 6 (sepia)

   d.   **Registration #VAU 1-168-500 March 16, 2014**
       i.   Marina Abramovic Portrait 1
      ii.   Marina Abramovic Portrait 13
    iii.   Marina Abramovic Portrait 10
    iv.   Marina Abramovic Portrait 14
     v.   Marina Abramovic Portrait 2
    vi.   Marina Abramovic Portrait 3
   vii.   Phoenix/Red Wing Self Portrait
  viii.   Roots
    ix.   Stones On Beach
     x.   Winter's End
    xi.   Fugue
   xii.   Ocean Photo
  xiii.   Ice
  xiv.   Iced

       xv.  Frozen Fall
      xvi.  Frozen Lake 1
     xvii.  Frozen Lake 2
    xviii.  Cemetery Statue 1
     xix.  Cemetery Statue 2
      xx.  Sepia Landscape 1
     xxi.  Sepia Landscape 2
    xxii.  Sepia Landscape 3
   xxiii.  Carousel roof
   xxiv.  Carousel Horse 1
   xxv.  Carousel Horse 2
  xxvi.  Carousel Horse 3 (donated image)

e. **Registration #VAU 1-097-621 March 26, 2012**
        i.  Learning To Fly
       ii.  Taken
     iii.  Sleep
     iv.  Into
      v.  Birds
     vi.  Cage
    vii.  Closed
   viii.  Gloves
    ix.  Mantis
     x.  Stiches
    xi.  Unfashionable
   xii.  Impressions
  xiii.  Brought You Flowers
  xiv.  Falling In Love
   xv.  Safe
  xvi.  Seven Ways To Murder Memory
 xvii.  Split

f. **Registration# VAU-1-148-243**
        i.  29 Photographs at Issue from the Glitch Images Series included in this Certificate Registration posted on blog on or about January 20, 2015

55.    Ms. Amorphous complained to the Tumblr abuse department following her discovery of the infringements. The Tumblr abuse department confirmed to Ms. Amorphous that Flipboard is not accessing the photos via the Tumblr API and that Tumblr has no agreement with Flipboard with respect to its API, but is instead scraping the contents of her blog in a manner unknown and unauthorized to Tumblr. Attached hereto as Exhibit R is the email denying authorization from Tumblr.

56.     On Monday, July 13, 2015 Ms. Amorphous learned from her attorney Ms. Hoffman, that Ms. Hoffman had been requested earlier that afternoon by Mr. Willen during a settlement conference whether she knew or could find out from Ms. Amorphous the specific practical harm, rather than legal harm, if any, Ms. Amorphous had suffered. Ms. Hoffman related to Mr. Willen that she would ask Ms. Amorphous and get back to him the next day. Ms. Amorphous replied in an email later that afternoon, "They want to know what the damage is to an artist when their entire body of work is stripped of copyright notices, credit, and purchasing information? They want to know what the damage is when an artist has their entire body of work stripped of all authorship and offered up underneath another company's logo for unlimited redistribution? They want to know what the damage is to an artist when their restrictions are overridden and their entire body of work is made available for download? Are they serious?"

57.     In sum, Flipboard engages in direct copyright infringement by providing an internet service and platform that is framing and linking the Photographs at Issue, displaying and distributing the Photographs at Issue and enabling Flipboard Users to copy, download, store and republish unlimited infringing Photographs at Issue. Flipboard also knowingly induces, causes, assists, or materially contributes to these actions of the Flipboard Users in infringing *inter alia* the exclusive reproduction rights and the right to create derivative works of Ms. Amorphous. At the same time Flipboard also derives a direct financial benefit from the above-described infringing activity of its Flipboard Users, which is to draw more users and promote its brand and the brands of other with the Photos at Issue of Ms. Amorphous.

## FIRST CLAIM
## COPYRIGHT INFRINGEMENT
(17 U.S.C. § 101 et seq.)

58.     Ms. Amorphous incorporates by reference ¶¶ 1-57 above as if fully set forth herein. The Photographs at Issue are original works of authorship by Ms. Amorphous.

59.     Ms. Amorphous holds all right, title and interest in and to the copyrights of each of the Registered Photos at Issue, as well as all the Amorphous Content. Pursuant to 17 U.S.C. § 106, Ms. Amorphous has the exclusive right to reproduce, distribute, display, and/or prepare derivative works from the Registered Photos at Issue, as well as the Amorphous Content.

60.     Ms. Amorphous registered the Photographs at Issue and complied with all requirements to obtain copyright registration copies for the Photographs at Issue. As set forth above the certificates for the Photographs at Issue are attached as Exhibits B, E, J and Q.

61.     By the actions alleged above, Flipboard has willfully infringed since at least May 20, 2015 and will continue to infringe Ms. Amorphous's copyrights in each of the Photographs at Issue, as well as the Amorphous Content by (i) unlawfully "scraping", "framing", reproducing, distributing and displaying all of the Photos at issue as well as the Amorphous Content without the permission of Ms. Amorphous and (ii) creating, and causing or inducing others to reproduce, copy and create derivative works from the Photos at Issue, as well as the Amorphous Content, all in violation of Ms. Amorphous's exclusive rights under 17 U.S.C. § 106.

62.     By the actions alleged above, Flipboard has willfully infringed and continues to infringe Ms. Amorphous's exclusive rights as the "author" of the Photographs at Issue.

63.     Defendant's infringements were and are conducted without Ms. Amorphous's consent or any express license from Bored Panda, Flickr or Tumblr or any other entity and are not otherwise permissible under the Copyright Act, including the DMCA "Safe Harbor", as Flipboard is an active publisher and not a "service provider" s that term is used in the DMCA.

64.     Defendant's infringements were and are willful and committed with full knowledge and conscious disregard for Ms. Amorphous's copyrights and exclusive rights in and to the Photographs at Issue and the Amorphous Content.

65.     As a direct and proximate result of the copyright infringements detailed above, Ms. Amorphous has been and continues to be damaged in an amount unknown at present and to be determined at trial.  Defendant has garnered and/or will garner substantial infringing profits in an amount presently unknown, which profits should be disgorged to Ms. Amorphous.

66.     In the alternative and at her election, Ms. Amorphous is entitled to seek maximum statutory damages for each separate act of willful infringement by Defendant Flipboard, Inc. in an amount of $150,000 for each of the several hundred registered Photographs at Issue, infringed by Flipboard.

67.     Ms. Amorphous is also entitled to statutory attorney's fees pursuant to 17 U.S.C §505

68.     Ms. Amorphous has no adequate remedy at law to protect her rights in the Photographs at Issue and to prevent Defendant from continuing to infringe the Photographs at Issue to injure Ms. Amorphous.  Ms. Amorphous has suffered and is continuing to suffer irreparable injury from the Defendant's conduct as alleged which *inter alia* has deprived her of her ability to sell her Photographs at Issue and made the entire body of Photographs at Issue available for use by Flipboard Users, with no payment to her.

69.     As a direct and proximate result of the copyright infringements detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendant Flipboard from infringing her copyright.

### SECOND CLAIM
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
(17 U.S.C. § 101 et seq.)

70.     Ms. Amorphous incorporates by reference ¶¶ 1-57 above as if fully set forth herein. The Photographs at Issue are original works of authorship by Ms. Amorphous.

71.     Flipboard's Users, clients and customers rely on Flipboard to scrape, frame, collect, transmit, display and distribute the Photos at Issue for their use.  Flipboard disseminated the Photographs at Issue to enable further publication.  Defendant Flipboard has encouraged, assisted, induced, caused, and/or materially contributed to a vast number of actual or imminent copyright infringements of the Photographs at Issue and Amorphous Content in violation of 17 U.S.C. §§ 106 and §501.

72.     Flipboard had reason to know of the direct infringement of the Photographs at Issue by Flipboard Users. In fact, Defendant promotes infringement by inviting Flipboard Users to use the Photographs at Issue with various Flipboard functions, to

republish copyrighted content and to create derivative works in the form of magazines, which are publically displayed and publically distributed, transmitted or stored stripped of all "CMI", and which add advertising by Flipboard.

73.    Defendant knew or had reason to know that Ms. Amorphous's rights were protected by copyright and further that the uses in which the daily users and owners of the iPad/iPod Flipboard app, were involved infringing Ms. Amorphous's rights as an exclusive copyright owner and that the uses authorized by Flipboard were unauthorized by the TOS of Flickr and Tumblr as well as Ms. Amorphous..

74.    By the linking, scraping and framing of the Photographs at Issue, that Defendant has knowingly encouraged, assisted, induced, caused and/or materially contributed to the direct infringement by Flipboard Users. The conduct described above is without Ms. Amorphous's consent, or any other license or agreement and not otherwise permissible under the Copyright Act.

75.    Defendant's infringements were and are willful and committed with full knowledge and conscious disregard of Ms. Amorphous's copyrights and exclusive rights in and to the Photographs at Issue as well as the Amorphous Content.

76.    Ms. Amorphous is entitled to recover from Defendant the profits made by it from infringements of the Photographs at Issue and her damages therefrom, or at Ms. Amorphous's election, statutory damages pursuant to 17 U.S.C. §504

77.    Ms. Amorphous is also entitled to recover from Defendant costs and attorney's fees pursuant to 17 U.S.C. §505

78.    The infringements that Defendant induced, caused, assisted, or material contributed to through the conduct described above have caused, and, unless restrained by this

Court, will continue to cause, irreparable injury to Ms. Amorphous not fully compensable in monetary damages. Ms. Amorphous is therefore entitled to preliminary and permanent injunction enjoining Defendant from further infringements.

79.     Attached hereto as Exhibit S are examples of Ms. Amorphous's Photographs at Issue which have been taken and used by Flipboard Users with the software provided to them by Flipboard.

**THIRD CLAIM**
**VIOLATION OF THE DMCA**
**(17 U.S.C.§ 1202 INTEGRITY OF COPYRIGHT MANAGEMENT)**

80.     Ms. Amorphous incorporates by reference ¶¶ 1-57 above as if fully set forth herein. The Photographs at Issue are original works of authorship by Ms. Amorphous.

81.     17 U.S.C Code § 1202 - Integrity of copyright management information, current through Pub. L. 114-19 provides *inter alia*

i)   False Copyright Management Information.— No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—

(a)  provide copyright management information that is false, or

(b)  distribute or import for distribution copyright management information that is false.

ii)  Removal or Alteration of Copyright Management Information.— No person shall, without the authority of the copyright owner or the law—

(a)  intentionally remove or alter any copyright management information,

(b) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

(c) distribute, import for distribution, or publicly perform works, copies of works, or phono records, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,

82.     The term "copyright management information" is defined at 17 U.S.C §1202(c) to mean "any of the following information conveyed in connection with copies…or displays of a work, including in digital form…."  The statute includes title, author and copyright notice as CMI.  Flipboard's functionality permits its users to remove the CMI when users redistribute, transmit, display and republish the Photos at Issue and Amorphous Content in magazines. Flipboard has knowledge that its software permits the willful copyright infringement by users of the Photographs at Issue and Amorphous Content.

83.     Flipboard functions enable and intentionally remove or provide a false CMI and knowingly induce Flipboard Users to strip Ms. Amorphous's Photos at Issue entirely of her CMI in the selection of, *inter alia*, the cover or email options. The Amorphous content and Photos at Issue are orphaned. The watermark, "all rights reserved", and links to her website are removed by the software if the Flipboard User selects the above options. Only "Open in Safari" directs the Flipboard User to Ms. Amorphous's websites.  Attached hereto as Exhibit T are two examples of full size Photographs at Issue as they originally appeared on the Flickr site.

23

84.     Ms. Amorphous included on her Flickr page, © her name and other CMI and restrictions. Upon information and belief, he CMI has been intentionally removed by Flipboard Users using software knowingly created for that purpose by Flipboard.

85.     Upon information and belief, Flipboard places its logo on the Photographs at Issue to falsely represent it is authorized to license others to use or store Ms. Amorphous's Photographs at Issue and induce the Flipboard Users to do so.

## RELIEF REQUESTED

WHEREFORE, Kalliope Amorphous prays for relief as follows:

1.     For a judgment that Defendant Flipboard  has knowingly and willfully infringed Ms. Amorphous's copyrights in the Photographs at Issue and the Amorphous Content;

2.     For a judgment that Flipboard is liable for contributory infringement of Ms. Amorphous's Photographs at Issue and Amorphous Content;

3.     That as the proximate result of Flipboard's contributory actions, Flipboard has induced others to infringe and are direct infringers of Ms. Amorphous's copyright;

4.     For a judgment that Flipboard, and/or Flipboard Users using Flipboard software have (i) knowingly and willfully altered or removed the CMI associated with the Photographs at Issue and Amorphous Content, (ii) knowingly and willfully distributed works knowing that the CMI was removed or altered, and (iii) knowingly and willfully produced and

distributed false CMI, all with intent to induce, enable, facilitate, conceal or profit from their infringement of the Iconic Images;

5.     For an order under 17 U.S.C. §§ 502(a) enjoining Defendant, its clients, subscribers, licensees and customers during the pendency of this action from directly or indirectly infringing any of the Photographs at Issue and Amorphous Content, as detailed in this Complaint and an order instructing Defendant to notify Flipboard Users, Google, Yahoo, Twitter and other social networking sites of the pendency of this action and to remove unauthorized Photos at Issue and Amorphous Content.;

6.     For an Order that during the pendency of this action that Defendant, including its directors, officers, agents, servants, employees, and all other persons in active concert, privity, or participation with them, are required to maintain records and are enjoined from disposing of records, relating to the acquisition, distribution, reproduction, licensing, sale or display of the Photographs at Issue and Amorphous Content;

7.     For an Order under 17 U.S.C. §§ 502(a) and 1203(b)(1) permanently enjoining Defendant, including its directors, officers, agents, servants, employees, and all other persons in active concert, privity or participation with them, from directly or indirectly infringing any of the Photographs at Issue and Amorphous Content;

8.     For an award of Ms. Amorphous's actual damage and Defendant's profits in such amounts as may be found under 17 U.S.C. §§ 504(b) and §§1203(c)(2);

9.     Alternatively, at Ms. Amorphous's election, that the Court enter judgment for statutory damages under 17 U.S.C. §§ 504(c) in an amount up to $150,000 for infringement of each Photograph at Issue and Amorphous Content, and under 17 U.S.C. § 1203(c)(3) in an amount up to $25,000 for "each violation" of §1202 (a) and (b)

10.     For an award of actual or statutory damages against Flipboard, Inc. for willful copyright infringement of the Flipboard Users whom were induced solely by Flipboard to infringe Ms. Amorphous's rights under 17 U.S.C. § 101 et seq. and the DMCA;

## DEMAND FOR JURY TRIAL

Ms. Amorphous hereby demands trial by jury of all issues triable by jury.

Dated July 27, 2015

Respectfully submitted,

By:  /s/_Barbara T. Hoffman___

Barbara Hoffman, Esq. (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 10023
(212) 873-6200

Attorney for Plaintiff Kalliope Amorphous